

U.S. Department of Justice

*United States Attorney
District of New Jersey*

*402 East State Street, Room 430*  (609) 989-2190
*Trenton, New Jersey 08608*

ETW/PL AGR
2020R01261

September 15, 2021

**VIA ELECTRONIC MAIL**

Benjamin J. West, Esq.  CR. 22-98 (JHR)
Federal Public Defender's Office
Station Plaza #4, 4th Floor
22 S. Clinton Avenue
Trenton, New Jersey 08609

      Re:    **Plea Agreement with Hal Wander, a/k/a "Halie Wander"**

Dear Mr. West:

      This letter sets forth the plea agreement between your client, Hal Wander, a/k/a "Halie Wander" ("WANDER"), and the United States Attorney for the District of New Jersey ("this Office").  The government's offer to enter into this plea agreement will expire on September 28, 2021 if it is not accepted in writing by that date.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from WANDER to a one-count Information that charges him with assaulting a civilian law enforcement officer employed by the U.S. Air Force ("Victim 1") and an active duty member of the U.S. Air Force employed as a law enforcement officer ("Victim 2," and, collectively with Victim 1, the "Victims"), while the Victims were engaged in and on account of performance of their official duties, using a deadly and dangerous weapon, in violation of Title 18, United States Code, Sections 111(a)(1) and (b).  If WANDER enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against WANDER for assaulting the Victims on November 16, 2020.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, WANDER agrees that any dismissed charges

and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by WANDER may be commenced against him, notwithstanding the expiration of the limitations period after WANDER signs the agreement.

Sentencing

The violation of 18 U.S.C. § 111(a)(1) and (b) to which WANDER agrees to plead guilty carries a statutory maximum prison sentence of 20 years and/or a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon WANDER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence WANDER ultimately will receive.

Further, in addition to imposing any other penalty on WANDER the sentencing judge: (1) will order WANDER to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may or must order WANDER to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; and (3) pursuant to 18 U.S.C. § 3583, may require WANDER to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed.  Should WANDER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, WANDER may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on WANDER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of WANDER's activities and relevant conduct with respect to this case.

Stipulations

This Office and WANDER agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or WANDER from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and WANDER waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

WANDER understands and agrees that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  WANDER understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  WANDER wants and agrees to plead guilty to the charged offense, regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  WANDER understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, WANDER waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against WANDER.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against WANDER.

No provision of this agreement shall preclude WANDER from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that WANDER received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

      This agreement constitutes the plea agreement between WANDER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

      Very truly yours,

      RACHAEL A. HONIG
      Acting United States Attorney

      By: ELISA T. WIYGUL
      Assistant U.S. Attorney

APPROVED:

_____
ANDREW C. CAREY
Deputy U.S. Attorney

      I have received this letter from my attorney, Benjamin J. West, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, restitution, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*/s Benjamin West for Hal Wander*       Date: 10/4/21
HAL WANDER, a/k/a "Halie Wander"

      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, restitution, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*/s Benjamin West*      Date: 10/4/21
Benjamin J. West, Esq.
Counsel for Defendant

Plea Agreement with HAL WANDER, a/k/a "Halie Wander"

Schedule A

1.	This Office and WANDER recognize that the United States Sentencing Guidelines ("U.S.S.G.") are not binding upon the Court. This Office and WANDER nevertheless agree to the stipulations set forth herein.

2.	The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

### Victim 1

3.	The applicable guideline is U.S.S.G. § 2A2.4. The Base Offense Level is 10. U.S.S.G. § 2A2.4(a).

4.	Because the offense involved physical contact, and a dangerous weapon was possessed and its use was threatened, the Base Offense Level is increased by three levels. U.S.S.G. § 2A2.4(b)(1).

5.	Because the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, the Base Offense Level is increased by two levels. U.S.S.G. § 3C1.2; § 2A2.4, Application Note 2.

### Victim 2

6.	The applicable guideline is U.S.S.G. § 2A2.4. The Base Offense Level is 10. U.S.S.G. § 2A2.4(a).

7.	Because the offense involved physical contact, and a dangerous weapon was possessed and its use was threatened, the Base Offense Level is increased by three levels. U.S.S.G. § 2A2.4(b)(1).

8.	Because the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, the Base Offense Level is increased by two levels. U.S.S.G. § 3C1.2; § 2A2.4, Application Note 2.

## Grouping

9. Pursuant to U.S.S.G. § 1B1.2(c), the assault of each Victim shall be treated as if the defendant had been convicted of a separate count charging the assault of that Victim.

10. Pursuant to U.S.S.G. § 3D1.2, the assaults of the two Victims are not grouped. Accordingly, there are two Groups.

11. Pursuant to U.S.S.G. § 3D1.4, the combined offense level for the two Groups is determined by taking the offense level applicable to the Group with the highest offense level and increasing that offense level by the number of Units, as determined by the table located at U.S.S.G. § 3D1.4.

12. The assault against Victim 1 results in an offense level of 15. This Group is counted as one Unit. U.S.S.G. § 3D1.4(a).

13. The assault against Victim 2 results in an offense level of 15. This Group is counted as one Unit. U.S.S.G. § 3D1.4(a).

14. The total number of Units is 2. Pursuant to the table printed at U.S.S.G. § 3D1.4, this results in an increase of two levels from the Group with the highest offense level. Thus, after conducting the grouping analysis, the Combined Base Offense Level is 17.

15. As of the date of this letter, WANDER has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if WANDER's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

16. As of the date of this letter, WANDER has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in WANDER's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) WANDER enters a plea pursuant to this agreement, (b) this Office in its discretion determines that WANDER's acceptance of responsibility has continued through the date of sentencing and WANDER therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) WANDER's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

17. In accordance with the above, the parties agree that the total Guidelines offense level applicable to WANDER is 14 (the "Total Guidelines Offense Level").

18. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. However, the parties agree that WANDER may move for a downward variance, in accordance with the holding of *United States v. Booker*, 543 U.S. 220 (2005), except that WANDER may in no event seek a sentence of fewer than 15 months' imprisonment. This Office reserves the right to oppose any variance.

19. WANDER knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the Total Guidelines Offense Level of 14. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the Total Guidelines Offense Level of 14. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

20. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.